UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Criminal Action No. 19-cr-00500-RM

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL ERIC LAKE,

Defendant.
_____

ORDER RE: MOTION TO REOPEN DETENTION HEARING
AND FOR RELEASE FROM CUSTODY DUE TO
IMMEDIATE THREAT POSED BY COVID-19 PANDEMIC [#27]
_____

Defendant has been charged by indictment with serious crimes: (1) Count 1: possession of a firearm and ammunition by a prior felon, in violation of 18 U.S.C. § 922(g)(1); (2) Count 2: possession of an unregistered firearm, to wit, a destructive device, in violation of 26 U.S.C. § 5861(d); (3) Count 3: possession with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii); and (4) Count 4: possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The rebuttable presumption under 18 U.S.C. § 3142(e)(3) applies to the issue of Defendant's pretrial detention, which is a presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required or

1

the safety of the community. Even when rebutted, the presumption remains a factor for the Court's consideration.

After his contested detention hearing on December 9, 2019, the Court ordered Defendant detained and issued an Order of Detention. [#11; #14.][1] The Court found the presumption under § 3142(e)(3) applied, it was rebutted but remained a factor, and the Government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. [#14.]

This matter is now before the Court on Defendant's Motion to Reopen Detention Hearing and for Release from Custody Due to Immediate Threat Posed By COVID-19 Pandemic ("Motion") [#27], which was referred to this Court. Defendant argues that changed circumstances warrant reopening his detention hearing under 18 U.S.C. § 3142(f), that being "the immediate threat of COVID-19, a dangerous illness spreading rapidly across the world, and through Colorado, and within the Denver Metropolitan area." He argues, in the alternative, that COVID-19 offers a compelling reason for his "temporary release" under 18 U.S.C. § 3142(i). Defendant suffers from asthma. He argues that the health risks to him "given the conditions at the GEO Aurora ICE Detention Facility . . . necessitates his release pending trial."

The Court has considered the Motion, the Government's Response, and Defendant's Reply. No hearing is necessary, for the reasons stated below. After careful consideration, the Court DENIES the Motion.

---

[1] The Court uses "[#__]" to refer to docket entries in CM/ECF.

### A. BACKGROUND

**1. Reopening of Detention Hearing under 18 U.S.C. § 3142(f)**

The district court has been inundated with motions like Defendant's that seek reopening or reconsideration of prior detention decisions because of COVID-19 and the dangers it presents to the incarcerated. Too often these requests fall short because they fail to address the points under the law that bear on the judicial officer's detention decision, *to wit*, whether the defendant poses a danger or a risk of flight that may be reasonably assuaged by the imposition of conditions of release. 18 U.S.C. § 3142. *See, e.g., United States v. Barraza*, Civil Action No. 19-cr-00235-RM (Order Denying Second Motion for Emergency Release, ECF. 130) ("He is not less of a flight risk or danger because of COVID-19.")

> Under § 3142(f), a detention hearing may be reopened:
>
> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). The purpose of this provision is to allow parties to present new information that increases the likelihood a defendant would appear in court or decrease the potential danger a defendant poses to an individual or the community. *See United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *2 (N.D. Tex. Mar. 26, 2020) (quoting *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015)). Courts interpret this provision strictly. *United States v. Young*, No. 2:13-cr-00149-KJD-CWH, 2014 WL 11380770, at *2 (D. Nev. Feb. 25, 2014).

While the existence and alarming spread of COVID-19 is a circumstance that was unknown to Defendant at the time of his Detention Hearing, the Court is not convinced "the COVID-19 pandemic is a 'material change of circumstances' warranting a renewed evaluation of [a] prior detention order[,]" without more. *United States v. Banks*, 4:19CR3116, 2020 WL 1450549, at *1 (D. Neb. Mar. 25, 2020) (denying defendant's motion for release). But even assuming the novel virus is a "material change in circumstances," the COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors. *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020) (explaining that "as concerning as the COVID-19 pandemic is," a court must nonetheless conduct "an individualized assessment of the factors identified by the Bail Reform Act").

Defendant has failed to demonstrate that, under his circumstances, COVID-19 has a "material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Defendant makes no showing of how his asthma and the risks associated with him potentially contracting COVID-19 make him any less a danger to the community, particularly in the face of the presumption of his detention under § 3142(e)(3). Indeed, Defendant literally references his asthma only one time between both his 15-page Motion [#27] and 39-page Reply [#32], and that single reference is to simply say that Defendant's asthma places him at higher risk of contracting COVID-19. [#27 at p.1.] Defendant relies almost entirely on the risks posed to inmates

generally by COVID-19, while ignoring the circumstances specific to the facility where he is detained. The facility-specific circumstances are detailed in the Government's Response and include that "there are no confirmed cases of COVID-19 among inmates at GEO." [#31 at p.8.]

Defendant makes almost no arguments regarding the factors that the Court must consider under the Bail Reform Act. While the Court is sympathetic to the unique concerns that COVID-19 poses, the Court cannot abandon its function in assessing whether or not there are conditions or combination of conditions that can be imposed to reasonably assure the Defendant's presence or the safety of the community. And, given that the Motion has not provided any new information related to Defendant's flight risk or danger to the community, the Court does not deem a hearing necessary to decide the Motion. The Court finds no basis to reopen the detention hearing under § 3142(f).

**2. Temporary Release under § 3142(i)**

In the alternative, Defendant seeks temporary release under 18 U.S.C. § 3142(i). Recent decisions in other districts have outlined a helpful framework for analyzing assertions of COVID-19 as a compelling reason for release under § 3142(i), which consider the following:

1. the original grounds for the defendant's pretrial detention;

2. the specificity of the defendant's stated COVID-19 concerns;

3. the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and;

4. the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

5

*United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020) (denying defendant's emergency motion for release due to possibility of a COVID-19 outbreak) (citing *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)).

While the Court empathizes with Defendant's genuine concerns regarding the spread and medical management of COVID-19 at the GEO facility, the Court does not find that these concerns support compelling reasons for his temporary release under § 3142(i). On the first consideration, the grounds supporting the original Order of Detention are strong for the reasons described in the detention order and on the record at the Detention Hearing. As to the second consideration, and as discussed above, Defendant offers only generalized concerns over the spread of COVID-19 in detention facilities and his higher-risk category of contracting the virus based on his asthma. But his higher-risk category alone is too vague and fails to rise to the compelling, particularly in light of the lack of confirmed cases of COVID-19 among the detainee population at the GEO facility.

The third and fourth considerations are unavailing also. Defendant proposes he would stay with his mother and his two children who reside with her. But it is possible that releasing Defendant to live among his mother and his two children would increase the risk to them and Defendant of contracting COVID-19 when considering Defendant's higher-risk category. Defendant has not explained how his proposed release plan mitigates any danger to himself (other than removing him from the GEO facility) or others of contracting the virus over the course of any temporary release.

For these reasons, the Motion fails to establish a compelling reason for Defendant's temporary release under § 3142(i).[2]

## B. CONCLUSION

Defendant has raised genuine concerns over his pretrial detention during a pandemic. These are real concerns and the Court remains empathetic. But the Court also remains duty-bound to evaluate detention decisions under the particulars of the Bail Reform Act. Defendant has failed to establish a basis for his temporary release under 18 U.S.C. § 3142(i) or a basis to reopen his detention hearing under 18 U.S.C. § 3142(f). IT IS ORDERED that the Motion is DENIED.

The parties are further advised that, pursuant to Fed. R. Crim. P. 59(a), a party may serve and file objections to this Order within 14 days after being served with a copy of the same; failure to object in accordance with Rule 59(a) waives a party's right to review.

DATED: April 13, 2020

                                      BY THE COURT:

                                      *s/ S. Kato Crews*
                                      S. Kato Crews
                                      U.S. Magistrate Judge

---

[2] Defendant also argues for his temporary release as necessary for the preparation of his defense. However, his arguments in this regard are cursory at best, and therefore, fail to provide a basis to support his temporary release under § 3142(i).